UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN SIMMONS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PATERSON, *et al.*,<br><br>        Defendants. | Civ. No. 2:11-cv-00640 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Juan Simmons brings this action for "police brutality and abuse" against the City of Paterson (the "City"), the Paterson Police Department (the "Police Department"), and two City of Paterson police officers, Officer Salvatore Macolino and Sergeant Kevin Collins. This matter comes before the Court on a motion to dismiss, filed by the City and the Paterson Police Department. Sergeant Collins joins in the motion. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion to dismiss is **DENIED**.

**I.    BACKGROUND**

The following facts are drawn from the Complaint.[1] Plaintiff alleges that, on December 2, 2010, Officer Macolino and Sergeant Collins arrested him in the back room of a building in Paterson, New Jersey. The Complaint states that Plaintiff was "in a submissive posture as the result of an ensuing arrest" when one of the officers struck him in the back of the head with his service weapon, causing Plaintiff to fall to the ground.

---

[1] Defendants urge the Court to consider a series of documents that they attach to their motion to dismiss, including an Internal Affairs Investigation Report issued by the Police Department. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004). Defendants' documents do not fall under any of these categories; thus, it is not appropriate to consider them on a motion to dismiss. *See Morozin v. Johnson*, No. 11-2653, 2011 U.S. Dist. LEXIS 133267, at *9-11 (E.D. Pa. Nov. 17, 2011) (finding that a police incident investigation report is not properly considered on a motion to dismiss a Section 1983 claim).

Compl. at 1. Once Plaintiff was lying on the ground, the same officer held Plaintiff's head down with his knee while the other officer kicked Plaintiff in the face, causing Plaintiff to lose consciousness. Plaintiff regained consciousness when one of the officers stood him up and slammed him against a wall.[2] Plaintiff sustained a variety of injuries, including a concussion, damage to his eyes, nose, and chest, and a laceration to his scalp requiring four (4) stitches. Plaintiff was treated for these injuries at St. Joseph's Hospital and the Passaic County Jail Infirmary.[3] In January 2011, Plaintiff filed this action in the Superior Court of New Jersey. Defendants removed the action to this Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III. DISCUSSION

---

[2] Plaintiff does not clearly identify which officer committed which act. On the first page of the Complaint, Plaintiff alleges that Officer Macolino struck him in the head, while Sergeant Collins kicked him in the face. Compl. at 1. Later in the Complaint, Plaintiff alleges that Sergeant Collins struck him in the head, while Officer Macolino kicked him in the face. Compl. at 4, 5.

[3] It appears that Plaintiff was incarcerated after his arrest, but neither party provided information about the charges. Plaintiff was released from custody on or before December 16, 2011.

Construing Plaintiff's Complaint liberally, Plaintiff appears to be asserting: (1) a federal constitutional claim for use of excessive force under 42 U.S.C. § 1983 ("Section 1983"); and (2) a state law claim for assault and battery. Defendants move to dismiss both the federal and state claims. Each issue will be addressed in turn.

### A. Plaintiff's Section 1983 Claim

#### i. The City and the Police Department

The City asserts that it is entitled to qualified immunity for Plaintiff's Section 1983 claim.[4] However, it has been well-established for decades that a municipality cannot assert the defense of qualified immunity. *Owen v. Independence*, 445 U.S. 622, 638 (1980) (A "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983."); *Kirley v. Williams*, 330 Fed. Appx. 16, 20 (3d Cir. 2009) ("[T]he doctrine of qualified immunity is unavailable to municipalities"). Because the City does not raise any other defenses or make any other arguments with respect to Plaintiff's Section 1983 claim, the motion to dismiss the City and the Police Department must be **DENIED**.

#### ii. Sergeant Collins

Sergeant Collins also moves to dismiss on qualified immunity grounds. Government officials are entitled to qualified immunity under Section 1983 if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Determining whether a government official is entitled to qualified immunity requires a two-step inquiry, analyzing: (1) whether Plaintiff has alleged a violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Although a defendant may raise the issue of qualified immunity on a motion to dismiss, the Third Circuit has cautioned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it [will be] necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009). In this case, the two-step inquiry compels the conclusion that Sergeant Collins is not entitled to qualified immunity at this stage.

First, Plaintiff has alleged the violation of a constitutional right. Excessive force claims arising in the context of an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).

---

[4] For purposes of the Section 1983 claim, the Police Department is treated as the same entity as the City. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability.").

Under this test, officers' actions must be analyzed "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Id.* at 397. The reasonableness of the force at issue "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. In this case, Plaintiff alleges that he was "in a submissive posture"[5] when Sergeant Collins either struck him in the back of the head or kicked him in the face. Compl. at 1. Plaintiff further alleges that he sustained numerous, serious injuries, including a laceration to his scalp requiring four stitches. These actions were not objectively reasonable. *See Davis v. Carroll*, 390 F. Supp. 2d 415, 421 (D. Del. 2005) (denying motion to dismiss an excessive force claim where plaintiff alleged that corrections officers struck him in the head while he was restrained); *Morozin*, 2011 U.S. Dist. LEXIS 133267, at *15-22 (denying motion to dismiss an excessive force claim where plaintiff alleged that police officer forced him to the ground and cut his arm after he was arrested). Thus, Plaintiff has alleged a Fourth Amendment violation.

Second, the constitutional right to be free from excessive force after arrest was clearly established at the time of Plaintiff's arrest. In December 2010, it was very clearly established that beating a subdued arrestee constitutes a constitutional violation. *See Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) ("[A]t the time of the incident in 2001, it was established that an officer may not kick or otherwise use gratuitous force against an inmate who has been subdued."); *Hurt v. City of Atlantic City*, 2010 U.S. Dist. LEXIS 16383, at *8 (D.N.J. Feb. 24, 2010) (a reasonable officer in 2006 would know that beating a Plaintiff who no longer posed a risk to the officers and was excessive and unconstitutional); *Belfield v. Pichardo*, No. 10-3207, 2011 U.S. Dist. LEXIS 136023, at *7-8 (D.N.J. Nov. 28, 2011) (same). Because Plaintiff has sufficiently alleged that Sergeant Collins's conduct violated a clearly established constitutional right, Sergeant Collins is not entitled to qualified immunity. *See Doss v. Osty*, 2011 U.S. Dist. LEXIS 68824, at *12 (D.N.J. June 27, 2011) (denying motion to dismiss excessive force claim based on qualified immunity); *Winston v. Bauer*, No. 1:09-cv-224, 2010 U.S. Dist. LEXIS 99111, at *19 (W.D. Pa. Sept. 21, 2010) (same).

Accordingly, Sergeant Collins's motion to dismiss Plaintiff's Section 1983 claim is **DENIED**.

### B. State Law Assault and Battery Claim

Plaintiff appears to be asserting a state law assault and battery claim. Defendants assert the defenses of (1) good faith immunity, and (2) failure to comply with the notice requirements set forth in the New Jersey Tort Claims Act ("NJTCA") (N.J. Stat. Ann. § 59:1-1 *et seq.*).

---

[5] This critical fact is heavily disputed: Defendants assert, throughout their brief, that Plaintiff was not subdued when these events took place. Consistent with the motion to dismiss standard, however, all of Plaintiff's allegations are accepted as true.

Defendants are not entitled to good faith immunity under New Jersey law for the same reason that they are not entitled to qualified immunity under Section 1983: the officers' actions were not objectively reasonable. *Gurski v. New Jersey State Police Dep't*, 576 A.2d 292, 295 (N.J. Super. Ct. App. Div. 1990) (the objectively reasonable test for qualified immunity with reference to Section 1983 claims "also applies in determining questions of good faith arising under the Tort Claims Act, N.J.S.A. 59:3-3"); *Grayer v. Twp. of Edison*, 2007 U.S. Dist. LEXIS 65394, *11 n.6 (D.N.J. Sept. 4, 2007).

Defendants' NJTCA argument is similarly unpersuasive. Defendants argue that Plaintiff failed to comply with N.J. Stat. Ann. § 59:8-8, which provides that tort claim plaintiffs are "forever barred from recovering against a public entity or public employee" if they do not file a notice of claim within 90 days after the cause of action accrues. N.J. Stat. Ann. § 59:8-8. The statute further provides that plaintiffs must wait until six months after notice is received to file suit, to allow the public entity to "investigate the claim" and "work toward a settlement." *Reale v. Twp. of Wayne*, 132 N.J. Super. 100, 111 (Law Div. 1975). "However, as New Jersey courts have previously recognized, dismissal . . . is an 'inappropriate' disposition where sufficient time has passed since the filing of the complaint and there has been no showing that the public entity has been 'frustrated in undertaking an investigation of the claim.'" *Troy D. v. Mickens*, 806 F. Supp. 2d 758, 776-77 (D.N.J. 2011) (quoting *Reale*, 132 N.J. Super. at 111).

In this case, there is no allegation that Plaintiff failed to file his Notice of Claim within 90 days of the accrual of the cause of action, so he is not "forever barred" from recovering against Defendants. N.J. Stat. Ann. § 59:8-8. But Plaintiff did file his Notice of Claim concurrently with his Complaint instead of waiting the requisite six months to file suit, so his claim is technically premature. However, where, as here, Defendants have had a year and a half to "investigate the claim" and "work toward a settlement," the goals of the six-month waiting period have been met, and dismissal is inappropriate. *Reale*, 132 N.J. Super. at 111; *see also Guerrero v. Newark*, 216 N.J. Super. 66, 74-75, 522 A.2d 1036 (App. Div. 1987). Accordingly, the motion to dismiss the assault and battery claim is **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

           /s/ William J. Martini
        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 13, 2012**