UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN R. SIMMONS,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF PATERSON, *et al.*,<br><br>     Defendants. | Civ. No. 2:11-cv-00640 (WJM)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

This matter comes before the Court on Plaintiff Juan R. Simmons's application for the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will deny the application at this time.

Plaintiff brings this Section 1983 action against the City of Paterson (the "City"), the Paterson Police Department (the "Police Department"), and two City of Paterson police officers, Officer Salvatore Macolino and Sergeant Kevin Collins. Plaintiff alleges that he was "in a submissive posture as the result of an ensuing arrest" when the officers struck him in the back of the head, pinned him to the ground, and kicked him in the face, causing him to lose consciousness. Compl. at 1. Plaintiff filed this application for *pro bono* counsel while he was incarcerated, but has since been released.

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This provision covers both plaintiffs and defendants. *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In *Tabron*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it

1

determines are important or helpful.  *Montgomery*, 294 F.3d at 499.

In this case, the Court finds that Plaintiff's case has merit, but the application for *pro bono* counsel is premature.  First, it does not appear that Plaintiff has made an attempt to obtain *pro bono* counsel on his own.  While Plaintiff's incarceration may have limited his ability obtain counsel, now that Plaintiff has been released, he should be able to make a good faith attempt to seek representation.  (The Court notes that Plaintiff's inability to pay for counsel does not necessarily prevent him from obtaining counsel; many lawyers provide *pro bono* services without be ordered to do so by a court.)  Second, while Plaintiff may be unversed in legal practice, the Court is familiar with these types of actions, and the straightforward nature of the claims in this case would not appear to require that Plaintiff be guided by counsel.  Therefore, mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate to appoint counsel at the present time.

For the foregoing reasons and for good cause shown;

**IT IS** on this 13th day of July 2012, hereby,

**ORDERED** that Plaintiff's application for pro bono counsel is **DENIED WITHOUT PREJUDICE.**  Plaintiff may renew his application for *pro bono* counsel if future proceedings increase his need for legal assistance, but he must first attempt to obtain counsel on his own.  The Court may also *sua sponte* renew Plaintiff's application in the future at any time it deems appropriate.

                                             /s/ William J. Martini  
                                        **WILLIAM J. MARTINI, U.S.D.J.**