UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN R. SIMMONS,<br><br>               **Plaintiff,**<br><br>     v.<br><br>CITY OF PATERSON,<br>SALVATORE MACOLINO,<br>PATERSON POLICE DEPARTMENT,<br>PASSAIC COUNTY DEPUTY CLERK OF<br>THE SUPERIOR COURT,<br>DETECTIVE SGT. KEVIN COLLINS,<br><br>              **Defendants.** | No. 11-cv-640 (KM)(MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiff, Juan R. Simmons, brings this action under 42 U.S.C. § 1983, alleging that the police officers who arrested him used excessive force. Specifically, he complains that he was hit in the back of the head with a gun, requiring stitches, and kicked in the face, resulting in a black eye. Defendants move for summary judgment. For the reasons stated in this brief opinion, the motion will be denied because the record presents obvious and glaring issues of fact. Because I write for the parties, I omit any lengthy statement of facts.

**I.    SUMMARY JUDGMENT STANDARD**

    Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).

1

In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

## II. ANALYSIS

Simmons sues under Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege facts sufficient to show (1) a deprivation of a federal constitutional right or a federal statutory right, and (2) that the conduct at issue occurred "under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981); *accord Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

The Fourth Amendment permits arresting officers to use a level of force that is "objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Reasonableness depends on the totality of the circumstances: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. That multifactor analysis frequently poses questions of fact.

The parties here present clashing versions of the events. As I must, I interpret the evidence in the light most favorable to Simmons as opponent of the summary judgment motion.

Simmons says that on December 2, 2010, he was in a house in Paterson that was raided by the police. Officer Macolino entered the apartment and told Simmons to put his hands on the wall. Simmons did so. (PCMF ¶¶ 17–18)[1]

---

[1] Certain record items will be cited as follows:
Blaettler Rpt. = Expert report of Joseph Blaettler, ECF no. 96-1 at 58
DSMF = Defendants' statement of material facts, ECF no. 93-1 at 8

3

Macolino then hit Simmons on the head with a gun, and Simmons fell to the floor. Macolino put his knee in Simmons's back. Det. Sgt. Collins then kicked Simmons in the face, "like he's kicking a football." Simmons was handcuffed and arrested. (*Id.* ¶¶ 19, 20) Simmons submits arrest photos of his face, and medical records of St. Joseph's Medical Center, where he was taken. The discharge summary shows head injuries requiring stitches, laceration care, nasal injuries, a fractured nasal bone, and bruises and contusions of the face. (*Id.* ¶¶ 23–25) The officers did not fill out a use-of-force form, and the police reports said nothing about any injury received by Simmons in connection with the arrest. (*Id.* ¶¶ 26–43)

Simmons submitted a report of Dr. Hua that opined that the injuries came from a blunt impact, not from contact with the floor, and were consistent with Simmons's account. (*Id.* ¶¶ 69–74) Simmons has also submitted the report of Joseph Blaettler, a credentialed expert in police practices. (Blaettler Rpt., ECF no. 96-1 at 58) Based on review of the entire file, Blaettler opines that the police did not properly plan the raid and that they used excessive force, measured against accepted standards of policing.

These proofs set forth a factual scenario that could, if accepted, support a verdict in plaintiff's favor. Qualified immunity is not in play; the law governing excessive force is well-established and could not be misunderstood by a reasonable officer under the circumstances as described by Simmons. *See generally Saucier v. Katz*, 533 U.S. 194 (2001). Beyond that, the existence of qualified immunity poses questions that a fact finder must resolve.

Defendants submit the testimony of Sgt. Collins that he chased Simmons into an adjoining room, where he saw Simmons put something in his mouth, and believed that Simmons was "attempting to swallow narcotics or possibly had a weapon." (DSMF ¶ 17) According to Collins, he punched Simmons

---

PCMF = Plaintiff's counterstatement of material facts, ECF no. 96 at 7
Plea Tr. = Transcript of Simmons's guilty plea, 10/24/2011, ECF no. 93-4 at 2

because Simmons was resisting arrest. Collins, with his flashlight in his hand, punched Simmons in the back of the head. (DSMF ¶¶ 29–30) Officer Macolino says he never hit Simmons in the head with anything, but merely helped to handcuff him. (*Id.* ¶¶ 38–39)

Simmons does not deny that heroin was found on the scene, or dispute that there was probable cause for the arrest. (DSMF ¶ 44) He pled guilty to felony CDS charges. (*Id.* ¶ 51. *See also* Plea Tr. at 22–23) In connection with his plea of guilty, Simmons admitted that he had heroin in his mouth at the time of the arrest. (DSMF ¶ 52)[2]

Defendants argue that there is no genuine material issue because Simmons is estopped by his guilty plea from denying that he had heroin in his mouth. *See Heck v. Humphrey,* 512 U.S. 477 (1994) (barring civil action that would require negation of criminal conviction). I am unconvinced. A guilty defendant, even one who was not quietly submitting to arrest, may nevertheless sustain a cause of action for excessive force in connection with that arrest. *See Nelson v. Jahurek,* 109 F.3d 142, 145–46 (3d Cir. 1997) ("it is possible for a finding that [defendant] was resisting to coexist with a finding that the police used excessive force to subdue him"). Excessive force is not incompatible with probable cause.

Whether the force used was excessive, even if Simmons was concealing heroin in his mouth, presents an issue of fact. A jury could find that Simmons is telling the truth about being kicked in the face, and could find that this was an excessive means of subduing Simmons or dislodging the drugs. Or not—but that is the very definition of a material issue of fact.

---

[2] Q: ... Now, where was the heroin that you say you possessed?
A: It was in the – it was in my mouth.
Q: Okay. So, did you try to swallow some heroin or otherwise get rid of it?
A. Yes.

(Plea Tr. at 16)

5

The municipal defendants argue that there is not sufficient evidence to hold them liable under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). To hold the city liable, a plaintiff must show that any violation of his constitutional rights "implement[ed] or execute[d] a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). "In other words, the [City] may not be held liable for constitutional torts under § 1983 on a vicarious liability theory rooted in respondeat superior but 'it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom.'" *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) and quoting *Beck*, 89 F.3d at 971).

In support of his policy and custom allegations, Simmons submits, *inter alia*, the report of Blaettler. Blaettler finds a systematic failure to plan the raid which resulted in chaos and increased the likelihood of escalation. Blaettler notes a history of 30 internal affairs complaints against Colins and Macolino, some involving arrests with fairly severe injuries, and some involving kicks or punches to the face. Blaettler notes one, involving one George Badalmenti, that involved Officer Collins and resulted in fractures to the wrist and face. (Blaettler Rpt. at 16) Most of the complaints were not sustained. Blaettner finds it suggestive, however, that superior officers, Altmann and Palatucci, were derelict in their investigation of the Simmons incident, bespeaking a permissive culture in the department.

Defendants have much to say in response. Here, too, however, I find that the proofs clash, creating a material issue of fact.

## III.  CONCLUSION

Defendants' motion for summary judgment is **DENIED.** An appropriate order accompanies this Opinion.

Dated: August 1, 2016

/s/ Kevin McNulty
**Hon. Kevin McNulty**
**United States District Judge**